[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14523

_____

D.C. Docket No. 1:14-cr-00176-RWS-JSA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS SENTALL ROBINSON,
a.k.a. Triggaplay,
a.k.a. Trigga,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2020)

Before WILSON and JILL PRYOR, Circuit Judges, and CORRIGAN,* District
Judge.

_____

* Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida,
sitting by designation.

PER CURIAM:

Travis Robinson appeals his convictions for multiple sex trafficking violations, conspiracy, and obstructing enforcement.  Robinson's trial spanned over three weeks, during which the jury heard testimony from five victims regarding their experiences in Robinson's sex trafficking operation.  He was sentenced to 27 years of imprisonment followed by 5 years of supervised release, and he timely appealed, raising the following issues:

1.   Did the trial judge err in denying Robinson's *Batson v. Kentucky*[1] challenges because the peremptory strikes at issue violated the Equal Protection Clause?

2.   Did the trial judge err in denying Robinson's motion for a mistrial because the government, in its opening statement, told the jury that a co-defendant, Ladrigus Stuckey, had pled guilty and was awaiting sentencing?

3.  Were Robinson's Fifth Amendment due process rights and his Sixth Amendment Confrontation Clause right violated when the trial judge permitted victim "D. A." to testify without first conducting a hearing to determine her competency to testify?

---

[1] 476 U.S. 79 (1986).

4.  Did the trial judge err by admitting evidence of victims A.W.'s and K.G.'s sexual assaults and the alleged sexual assaults of other women while working for Robinson?

5.  Did the trial judge err in excluding a videotape showing victim A.W. using drugs and discussing being "turned out" prior to meeting Robinson?

6.  Did the trial judge err by giving the government's modified jury instructions and refusing to give Robinson's requested jury instructions?

7.  Did the trial judge err in denying defense counsel's request that the government produce the contact information for A.G., a victim, whom the government did not call to testify at the trial?

8.  Did the trial judge err in denying Robinson's motion for a new trial due to alleged *Brady v. Maryland*[2] and *Giglio v. United States*[3] violations because the government purportedly elicited false testimony from victim L.W., and failed to correct that testimony?

The Court has considered all of Robinson's specifications of error. After review and consideration of the briefs and the record, and having had the benefit of oral argument, we find no reversible error in the proceedings in the district court.

---

[2] 373 U.S. 83 (1963).
[3] 405 U.S. 150 (1972).

3

**AFFIRMED.**

4